UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM SARKIS | ) Case Number |
| Plaintiff | ) |
| vs. | ) CIVIL COMPLAINT |
| FINANCIAL ASSISTANT INCORPORATED | ) JURY TRIAL DEMANDED |
| Defendant | ) |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Sam Sarkis, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Sam Sarkis (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

### III.  PARTIES

4. Plaintiff, Sam Sarkis is an adult natural person residing at 32733 Grand River Avenue, Farmington, MI 48336. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Financial Assistant Incorporated, at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Michigan with its principal place of business located at 10 148th Avenue, Northeast, Bellevue, WA 98007- 4947 and a registered office located at 2704 Commerce Street, Ste. B, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff has engaged the services of the law firm Persels & Associates, LLC to help aid him in the settlement negotiations of his outstanding debt.

8. In or around June, 2010, Plaintiff started receiving calls at his place of employment from Defendant in regards to a debt allegedly owed to Wells Fargo.

9. Plaintiff was informed that the Defendant was collecting approximately

$19,815.91.

10. Plaintiff states that he has received at least ten (10) calls to his place of employment from Defendant's agent, "Linda".

11. After the first call, Plaintiff informed Defendant's agent, "Linda", that she was not to call him at his place of employment again.

12. Defendant's agent, "Linda", stated that she could call him at work and that she would continue to do so until he agreed to a payment on this debt.

13. Plaintiff states that Defendant's agent has left voicemail messages regarding this debt for other co-workers informing them that it was in regards to a debt.

14. At this same time, Plaintiff informed the Defendant that he was with Persels and to call them directly on this matter.

15. Defendant's agent, "Linda", informed the Plaintiff that they would not work with Persels because they were a third (3rd) party.

16. Calls from the Defendant continued to the Plaintiff.

17. On or about June 2, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that their firm was representing the Plaintiff and that all further direct contact needed to go through their firm. **See Exhibit "A" (letter) attached hereto.**

18. Plaintiff continued to receive calls from the Defendant attempting to collect on this debt.

19. On or about June 3, 2010, Persels sent a second (2nd) "cease and desist" to the Defendant in regards to this matter. **See Exhibit "B" (letter) attached hereto.**

20. Defendant's agent, "Linda", continued to call on this debt.

21. Plaintiff attempted to give Defendant's agent, "Linda", the number to

Persels & Associates each time she called, but she refused to take the number.

22. On or about September 10, 2010, Persels sent a third (3rd) "cease and desist" letter the Defendant on this matter. **See Exhibit "C" (letter) attached hereto**.

23. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

29.   The above paragraphs are hereby incorporated herein by reference.

30.   At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.   The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692b(2):   Contact of Third Party: Stated that the consumer owes any kind of debt
>
> § 1692c(a)(2):   After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive
>
> § 1692c(a)(3):   At place of employment when knows that the employer prohibits such communication
>
> § 1692c(c):   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication
>
> § 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly
>
> § 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, Financial Assistant Incorporated and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 27, 2010

BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff